IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KQLMSTRQNG BLESSINI AXUM-EL<br>Petitioner, | * |
| v. | * CIVIL ACTION NO. JKB-12-3198 |
| DOUGLAS F. GANSLER, et al.<br>Respondents. | * |

\*\*\*\*\*

## MEMORANDUM

On October 31, 2012, petitioner, a resident of Baltimore, Maryland, filed a self-represented petition for writ of habeas corpus under 28 US.C. § 2241. Petitioner, who is subject to charges filed in the State courts,[1] seeks to remove his criminal case in the Circuit Court for Baltimore City to this federal court. Petitioner claims that although he is currently not in state or federal custody, he is concerned that he will soon be in custody for reasons related to his being a "Moorish/Muurish National Citizen of a Foreign State and domiciled therein, for an act done or omitted under any alleged rights, title, authority, privilege, protection, and/or exemption claimed under the commission, order or sanction of any Foreign state..." ECF No. 1. As best as this court can determine, petitioner is complaining that: (1) he was kidnapped and abducted by the State of Maryland due to his arrest and prosecution; (2) the state court lacks personam jurisdiction to prosecute him, failed to prove that his actions caused a physical injury to a party, and has charged him under a fictitious name; and (3)

---

[1] According to petitioner's attachments, charges were originally filed in the District Court for Baltimore City in February 2012. The state court docket shows that the criminal case was transferred to the Circuit Court for Baltimore City on October 31, 2012. Petitioner is awaiting a jury trial on one count of second-degree assault against law enforcement, one count of second-degree assault, one count of use of a deadly weapon with intent to injure and one count of reckless endangerment. *See Axumel v. State*, Criminal Number 812305010 (Circuit Court for Baltimore City). Trial is currently scheduled for November 26, 2012. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

he was subject to excessive force and malicious prosecution based upon the underlying events which comprise the factual background of his criminal charges. ECF No. 1. He discusses those events and the state court criminal process occurring thus far in much detail.[2]

To the extent that petitioner is attacking his pending criminal charges or is seeking to remove his state criminal case to this court, his action shall be treated as a 28 U.S.C. § 2241 habeas corpus petition.

A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979). Petitioner has not exhausted his state court remedies. Further, assuming, without deciding, that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this court.

---

[2] It is unclear whether petitioner is unable to remit the $5.00 habeas filing fee. His motion to proceed without the prepayment of the filing fee shall nonetheless be granted.

Alternatively, insofar as petitioner is seeking to remove his state criminal prosecution to this court, the court finds that removal shall not be permitted. The applicable statute provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action." 28 U.S.C. § 1455(a). The statute further provides that a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier...." 28 U.S.C. § 1455(b)(1). In addition, the statute states that the "district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The petitioner has filed several documents from the state criminal case. These papers show that petitioner was arraigned on the charges more than 30 days before filing this action. Therefore, any request for removal is clearly untimely under 28 U.S.C. § 1455(b)(1). Further, petitioner has failed to show that he has been denied or cannot enforce a specified federal right in the state court respecting this prosecution. The court, therefore, lacks jurisdiction over the matter. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). A separate order follows.

Date: Dec 5, 2012

James K. Bredar
United States District Judge